UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCATION SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL RECOGNITION NETWORK, INC., <br><br> Defendant. | No. 2:18-CV-00893-KJM-AC <br><br> ORDER |

Location Services, LLC sues Digital Recognition Network, Inc. for violating the Sherman Antitrust Act, the Clayton Act and California's Unfair Competition Law and Cartwright Act. Compl., ECF No. 1, ¶¶ 125-163. Before the court are two defense motions: A motion to dismiss, transfer or stay all claims under the first-to-file rule, Mot. 1, ECF No. 10-1, and a motion to dismiss for failure to state a claim, Mot. 2, ECF No. 11-1. Location Services opposes both motions. Opp'n 1, ECF No. 23; Opp'n 2, ECF No. 24. Digital Recognition filed replies. Reply 1, ECF No. 29; Reply 2, ECF No. 28. The court submitted the motions on July 6, 2018. ECF No. 27. As explained below, the court DECLINES to stay the claims, but DISMISSES one claim and TRANSFERS the remaining three claims to the Northern District of Texas.

1

I.   JUDICIAL NOTICE

Here, the court judicially notices four publicly filed documents from Northern District of Texas Case No. 4:18-CV-00280-A ("Texas Action"). *See* Def. Exs. A-C, ECF No. 10; *see* Fed. R. Evid. 201(b)(2) ("court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

II.   BACKGROUND

For purposes of this motion, the court assumes the following allegations are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Location Services filed the action in this district on April 12, 2018, against its competitor Digital Recognition, alleging violations of federal and state antitrust and unfair competition laws. 15 U.S.C. §§ 1–2, 15; Cal. Bus. & Prof. Code §§ 16600, 16700–16770, 17200 (1941); Compl. ¶¶ 125-163. Specifically, Location Services contends Digital Recognition violates these laws by enforcing its one-year non-competition provision and by controlling prices on the sale of license plate recognition data, which is used by agents who repossess and recover vehicles. Compl. ¶¶ 3–7, 76, 124–163. Location Services seeks an injunction, damages, attorneys' fees and other equitable remedies. *Id*. at 33, ¶¶ A–G.

Digital Recognition moves to dismiss, transfer or stay this action under the first-to-file rule. Mot. 1 at 1–4. The Texas Action was filed on April 11, 2018, by one of Digital Recognitions' vehicle repossession agents. *See* Texas Action, ECF No. 1 (Texas Compl.). That action, like this one, claims that Digital Recognition's non-competition provision violates California state antitrust laws among other claims. *Id*. ¶ 21. Digital Recognition sought to join Location Services an additional counterclaim defendant in the Texas Action on May 4, 2018. Texas Action, ECF No. 13 (Texas Am. Answer); *see* Fed. R. Civ. P. 20(a)(2).

Location Services opposes the current motion, contending the two cases are meaningfully different and "the equities favor keeping this case in California." Opp'n 1 at 9, 13. Digital Recognition has also moved to dismiss the complaint for failure to state a claim, Mot. 2 at

2

1–2, which Location Services also opposes, arguing their claims are viable and supported by "specific fact[s]." Opp'n 2 at 10, 11.

### III. MOTION TO DISMISS, TRANSFER OR STAY

The first-to-file rule is triggered when two related actions are pending in different courts. The rule permits a subsequent court to dismiss a complaint or claim that is duplicative, transfer all or part of the case to the first-filed district, or stay all or part of the case pending a decision in the prior-related action. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239-40 (9th Cir. 2015).

Three threshold factors determine if the rule applies: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240. As effective here, the rule applies to support defendant's motion only if the instant action was filed later than the Texas action and the parties and issues in the two suits are substantially similar.

The court has discretion in applying the rule to best promote "economy, consistency, and comity" or depart from it "in the interests of equity." *Kohn*, 787 F.3d at 1240; *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary."). Courts under this rule may, for instance, dismiss actions that appear to be brought in bad faith or to prevent forum shopping. *Alltrade*, 946 F.2d at 628 (citations omitted). As explained below, the rule applies and transfer and dismissal are warranted.

#### A. Chronology

Because the parties agree the Texas Action was filed first, the chronology factor is satisfied. Opp'n 1 at 5, 7 (stating instant case was filed "one day after the Texas Action"); *Kohn*, 787 F.3d at 1240 ("Ordinarily, we start by analyzing which lawsuit was filed first. But we need not analyze this issue here because Kohn Law does not argue that the present case was filed first").

#### B. Similarity of Parties

Similarity of parties requires all parties in a subsequent action to be "substantially similar" to the parties in a prior action. *Kohn*, 787 F.3d at 1240. But "exact identity is not

3

1  required. *Id.* ("Kohn Law argues that the parties are not substantially similar here because a
2  defendant in [the Mississippi action] is not named in the present action. We disagree."). "The
3  rule is satisfied if some of the parties in one matter are also in the other matter, regardless of
4  whether there are additional, unmatched parties in one or both matters." *PETA, Inc. v. Beyond the*
5  *Frame, Ltd.*, No. CV 10-07576 MMM SSX, 2011 WL 686158, at *1 (C.D. Cal. Feb. 16, 2011)
6  (citation, brackets and quotations omitted). Here, Digital Recognition is a defendant in both
7  claims and Location Services has been joined in the Texas Action. *See* Texas Action, ECF No.
8  17 (May 8, 2018 order granting motion to join Location Services as a counterclaim defendant). It
9  does not matter that Location Services was not an original party to the Texas Action, or that the
10 Texas Action includes an additional party not proceeding in the instant lawsuit. *PETA, Inc.*, 2011
11 WL at *1; *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *3 (N.D.
12 Cal. Sept. 12, 2012) (finding parties "substantially similar" where cases shared defendants but
13 had different plaintiffs). Location Services has not argued otherwise. *See* Opp'n 1 at 8. This
14 factor is satisfied.
15     C.     Similarity of Issues
16      "[I]ssues in both cases" need not be identical but must be "only substantially
17 similar," determined primarily by "substantial overlap." *Kohn*, 787 F.3d at 1240–41 (citation and
18 quotations omitted). Put differently, if the question to resolve in the second matter is at the
19 "heart" of the first matter then the rule applies; but if "the two actions are distinct" the rule does
20 not apply and the subsequent suit may proceed. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765,
21 769 (9th Cir. 1997). Whether issues are similar enough is a fact-specific determination, to which
22 shared defenses and legal questions are relevant. *See*, *e.g*., *Kohn*, 787 F.3d at 1241; *MSP*
23 *Recovery Claims, Series LLC v. Mallinckrodt ARD Inc.*, No. 17-7928-CBM-AFM, 2018 WL
24 2589014, at *2 (C.D. Cal. Jan. 17, 2018); *Campbell v. Annie's Homegrown, Inc.*, No. 17CV1736-
25 MMA (MDD), 2017 WL 6406703, at *4 (S.D. Cal. Dec. 15, 2017); *Pedro v. Millennium Prod.,*
26 *Inc.*, No. 15-CV-05253-MMC, 2016 WL 3029681, at *5 (N.D. Cal. May 27, 2016). If both
27 actions rely on "common factual issues," this factor can be satisfied despite having distinct
28 parties, governing laws and claimed damages. *Adoma v. Univ. of Phoenix, Inc*., 711 F. Supp. 2d

1142, 1149 (E.D. Cal. 2010); *see Bedwell v. Braztech Int'l, LC*, No. 3:16-CV-00217 JWS, 2017 WL 2450160, at *4 (D. Alaska June 6, 2017).

Here, both suits involve overlapping or identical claims and also involve the same or similar legal standards, questions, facts, discovery and defenses. Specifically, both actions assert identical violations of California's unfair competition law, invoking California Business & Professions Code, sections 16600 and 17200. *Compare* Compl. ¶¶ 145–163, *with* Texas Compl. ¶¶ 98–101. Both complaints focus on whether the non-competition provisions are legal and enforceable, a duplicative inquiry that necessarily requires similar discovery and involves the same or similar defenses. *Compare* Compl. ¶¶ 96, 124–144 (focusing on legality under federal antitrust statutes, alleging "[Digital Recognition's] non-competition provisions are unenforceable as written"), *with* Texas Compl. ¶¶ 81–97 (focusing on legality under "any law"; alleging "the non-competition provision of the Agreement is unenforceable"); *see also Kohn*, 787 F.3d at 1241 (finding substantial similarity when subsequent case involved issues to be determined in first case).

The complaints also share "common factual issues." *Adoma*, 711 F. Supp. 2d at 1149. Core facts such as Digital Recognition's processes, technology, agents and concerns over its non-competition provision are the same. *Compare* Compl. ¶¶ 18–59, 76–86, 88, 91, 96–97, 147 (alleging Digital Recognition's "non-competition provision imposes an unreasonably broad restriction" with no "legitimate business interest," is "illegal" and "unenforceable as written" by prohibiting "its agents from terminating their agreements and working, in any capacity, with a competing [] provider"), *with* Texas Compl. ¶¶ 4–6, 8–10, 15 (alleging Digital Recognition's "non-competition provision [] is unenforceable," "invalid," and "illegal," serves "no legitimate business interest," is "excessively broad" and precludes agents and employees of Digital Recognition from "working—in any capacity—with companies that [will use comparable technology] for one year after contractual termination").

Location Services argues the issues do not substantially overlap because the Texas Action turns on activities and law specific to its original plaintiff and location. Opp'n 1 at 9. But

the test is "substantial similarity," not exact replication. *Kohn*, 787 F.3d at 1240; *Adoma*, 711 F. Supp. 2d at 1149. Accordingly, this factor is satisfied.

### D. Dismiss, Transfer or Stay

Because the Texas Action is a previously filed lawsuit involving substantially similar parties and issues, the first-to-file rule applies. *Kohn*, 787 F.3d at 1241. The court has the discretion to dismiss, transfer or stay the claims brought here. *Adoma*, 711 F. Supp. 2d at 1146. Digital Recognition first argues for dismissal, but, in the alternative, transfer or stay. Mot. 1 at 4–5. Location Services argues that if the rule applies, only a stay is warranted because transfer "would be unjust" and dismissal "may cause prejudice." Reply 1 at 13.

Dismissal is appropriate where, as here, the later-filed case duplicates a claim in the first-filed action. Count III of the instant suit duplicates Count II of the Texas Action. *Compare* Compl. ¶¶ 145–149, *with* Texas Compl. ¶ 21. Dismissing Count III might be premature if Count II in the Texas Action were in danger of being dismissed as well, but nothing in the record indicates as much: No dismissal motions are pending in the Texas Action, and the parties have commenced discovery with respect to all claims, signaling no early dispositive motion practice is imminent. *See generally* Texas Action; *see also* Reply 1, Exs. A–C; Opp'n (including no argument regarding likely dismissal of Count II in Texas Action); Alltrade, 946 F.2d at 629 (finding stay more appropriate than dismissal only because first action faced "a likelihood of dismissal" based on an already filed motion); Opp'n 1 at 14 ("Typically, first-to-file dismissals occur when an identical claim with the same potential remedies is pending in the first-filed case").

As for Counts I, II and IV, which are related to but not duplicative of claims in the Texas Action, transfer to the Northern District of Texas is the more appropriate option. *See Kohn*, 787 F.3d at 1240; *Wallerstein*, 967 F. Supp. 2d at 1297. Although Location Services would prefer to adjudicate those claims here, plaintiff's choice of forum is not a relevant factor under the first-to-file rule. *See Wallerstein*, 967 F. Supp. 2d at 1293; *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014); *see* Opp'n 1 at 14. Rather, it is the "principle of sound judicial administration" and avoidance of "conflicting or

6

inconsistent ruling between courts in two districts" that governs the inquiry.  *See Barapind*, 72 F. Supp. 2d at 1146.

IV.   MOTION TO DISMISS

      Digital Recognition also requests the complaint be dismissed for failure to state a claim.  Mot. 1 at 1.  Because all claims are either dismissed or transferred under the first-to-file rule, this motion is moot.

V.   CONCLUSION

      The court DISMISSES Count III under the first-to-file rule and TRANSFERS Counts I, II and IV to the Northern District of Texas.  Upon transfer and filing of this case in Texas, the parties shall file a Notice of Related Cases to alert the Texas court to the related pending matters.

      The court DENIES the motion to stay and DENIES as MOOT the motion to dismiss for failure to state a claim.

      IT IS SO ORDERED.

      This resolves ECF Nos. 10 and 11.  This case is CLOSED.

DATED:  August 14, 2018.

_____
UNITED STATES DISTRICT JUDGE