

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LOCATION SERVICES, LLC, | § | |
| Plaintiff, | § § § | |
| VS. | § § | NO. 4:18-CV-744-A |
| DIGITAL RECOGNITION NETWORK, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Digital Recognition Network, Inc., to dismiss. The court, having considered the motion, the response of plaintiff, Location Services, LLC, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On April 12, 2018, plaintiff filed its original complaint in the United States District Court for the Eastern District of California. Doc.[1] 1. By order signed August 15, 2018, the court dismissed Count III of the complaint and transferred the action to this court, where it was assigned to the docket of the undersigned. Doc. 34.

---

[1] The "Doc. ___" reference is to the number of the item on the docket in this action.

Plaintiff alleges: Defendant is violating antitrust laws by unlawfully maintaining monopoly power in the market for license plate recognition ("LPR") data used for vehicle repossessions and recoveries. Defendant has long been the dominant provider of LPR data, having been the first company to offer LPR data in 2009. Defendant developed a network of agents to collect LPR data and currently contracts with 70% of the vehicle repossession agents operating LPR kits on their tow trucks and spotter cars. Plaintiff plans to partner with repossession agents to offer a unique "on stop shopping suite" of services that includes LPR data along with other services. Defendant has effectively prohibited its agents from terminating their contracts with it and working with competitors, because it requires its agents to sign agreements that they will not compete with defendant for one year after termination of their contracts.

Plaintiff asserts claims for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 (Count I), violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 (Count II), and violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16700-16770 (Count IV). As stated, plaintiff's claim for unfair competition under the California Unfair Competition Law (Count III) has been dismissed.

II.

## Grounds of the Motion

Defendant says that plaintiff has failed to state any plausible claims upon which relief may be granted. Doc. 40.

III.

## Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings.

Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

To state a claim for monopolization under § 2 of the Sherman Act, plaintiff must allege that defendant possessed monopoly power in the relevant market and willfully acquired or maintained that power rather than developed it as a consequence of a superior product, business acumen, or historic accident. Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 481 (1992).

To plead a cause of action under § 1 of the Sherman Act, plaintiff must allege that defendant engaged in a contract, combination, or conspiracy that unreasonably restrained trade in the relevant market. Apani Sw., Inc. v. Coca-Cola Enters., Inc., 300 F.3d 620, 627 (5th Cir. 2002). To show conspiracy or concerted action, plaintiff must show that the conspirators had a conscious commitment to a common scheme designed to achieve an unlawful objective. Spectators' Commc'n Network, Inc. v. Colonial Country Club, 253 F.3d 215, 220 (5th Cir. 2001).

"[A]ntitrust laws were enacted for 'the protection of *competition*, not *competitors*.'" Atlantic Richfield Co. v. USA

Petroleum Co., 495 U.S. 328, 338 (1990)(quoting <u>Brown Shoe Co. v. United States</u>, 370 U.S. 294, 320 (1962)). Thus, to pursue claims under the Sherman Act, plaintiff must allege an antitrust injury, that is, a loss stemming from a competition-reducing aspect or effect of defendant's behavior. <u>Id.</u> at 344. The injury must be to the market as a whole, not just to the particular plaintiff. <u>Pisharodi v. Columbia Valley Healthcare Sys., LP</u>, No. 1:14-CV-4, 2015 WL 11123315, at *2 (S.D. Tex. Jan. 29, 2015).

Defendant maintains that plaintiff has failed to allege sufficient facts to show an antitrust injury or harm to competition. In this regard, the court agrees that plaintiff has not pleaded harm to other competitors, but only to itself, which is insufficient. The paragraphs of the complaint to which plaintiff cites do not support its contention that competitors have been harmed. For example, plaintiff's own allegations show that one competitor has grown its market share. Doc. 54 at 7 (citing Doc. 1, ¶¶ 111-12). As one of plaintiff's cases notes, the Fifth Circuit narrowly interprets the meaning of antitrust injury, excluding from it the threat of decreased competition. <u>Anago, Inc. v. Tecnol Medical Prods., Inc.</u>, 976 F.2d 248, 249 (5th Cir. 1992). Here, plaintiff makes conclusory allegations about reduced competition, higher prices, loss of choice, reduced

output, and lower quality of service, but does not plead any facts to show these are the result of anticompetitive conduct.

Addressing the specific counts of the complaint, defendant contends that plaintiff's Count I claim fails because plaintiff concedes that defendant lacks the power to exclude competition. That is, since plaintiff alleges that LPR data consists solely of publicly observable information, defendant does not and could not have the ability to control collection of that information. In other words, nothing prevents plaintiff from collecting that same information. Plaintiff responds that it cannot really compete because defendant has signed up the best agents for collecting the information and those agents are bound by covenants not to compete and cannot simply jump ship to plaintiff. But, the reasons plaintiff offers to support its position are largely speculative. Plaintiff admits that defendant was first to develop and market the product. Through its hard work, superior product, and business acumen, it has built up a network of agents. Purchasing the necessary cameras and equipment is expensive and cost-prohibitive for many. Plaintiff intends to provide its cameras and equipment at half the price and will offer more services.[2] Others have been able to buy their way out of

---

[2] Hence, the argument that others besides those already signed up as agents are not interested in the market or not able to participate because of cost does not make sense.

defendant's non-competition agreements and defendant does not consistently enforce the agreements anyway. Further, plaintiff has agreed to indemnify the largest group of agents who currently collect information for defendant so that they can go to work for plaintiff. Based on plaintiff's own logic, it would make no sense for agents to continue to choose defendant over plaintiff.

With regard to Count II, defendant notes that plaintiff has not pleaded any facts to support the existence of a conspiracy. The response does not even address this argument, probably because the complaint is not sufficiently pleaded in this regard.

Defendant addresses Count III, but, as noted, that claim has been dismissed. And, in any event, plaintiff relies on its having successfully pleaded Sherman Act claims to support the California Unfair Competition claim. As discussed, the Sherman Act claims are not sufficiently pleaded.

Finally, defendant argues that Count IV, the Cartwright Act claim, must be dismissed. The Cartwright Act prohibits any trust, which is defined as "a combination of capital, skill or acts by two or more persons" for specified anti-competition purposes. <u>Zef Scientific, Inc. v. Shimadzu Scientific Instruments, Inc.</u>, No. 14CV1758 JAH (RBB), 2016 WL 1255787, at *3 (S.D. Cal. Mar. 31, 2016). To maintain a cause of action under the Cartwright Act, plaintiff must show (1) the formation and operation of a

conspiracy, (2) illegal acts done pursuant thereto, and (3) damage proximately caused by such acts. Id. (citing Kolling v. Dow Jones & Co., 137 Cal. App. 3d 709, 718 (1982)). Here, plaintiff has not alleged any facts to show a conspiracy.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiff's claims be, and are hereby, dismissed.

SIGNED November 5, 2018.

_____
JOHN McBRYDE
United States District Judge